1  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF TEXAS
2       MIDLAND-ODESSA DIVISION

3  UNITED STATES OF AMERICA ) Docket No. MO 19-CR-265(1) DC
                            )
4  vs.                      ) Midland, Texas
                            )
5  JESSE RAY HARDEE         ) January 24, 2020

6
            TRANSCRIPT OF REARRAIGNMENT/PLEA
7       BEFORE THE HONORABLE RONALD C. GRIFFIN

8

9  APPEARANCES:

10 For the United States:    Mr. Shane A. Chriesman
                            Assistant U.S. Attorney
11                          400 West Illinois Avenue,
                            Suite 1200
12                          Midland, Texas 79701

13

14 For the Defendant:       Mr. David G. Rogers
                            Fivecoat & Rogers, PLLC
15                          214 West Texas Avenue, Suite 811
                            Midland, Texas 79702

16

17

18 Transcriber:             Ms. Lily Iva Reznik, CRR, RMR
                            501 West 5th Street, Suite 4153
19                          Austin, Texas 78701
                            (512)391-8792
20

21

22

23

24

25 Proceedings reported by digital sound recording,
   transcript produced by computer aided-transcription.

1          (Proceedings commence at 9:50 a.m.)

2          THE CLERK:  The Court calls:  Midland 19-CR-265,

3 United States of America vs. Jesse Ray Hardee.

4          MR. CHRIESMAN:  Shane Chriesman for the United

5 States.

6          MR. ROGERS:  Judge, David Rogers.  I'm here with

7 Mr. Hardee, and we're present and ready.

8          THE COURT:  All right.  Good morning.

9          Good morning, counsel.

10          Good morning, Mr. Hardee.  So, Mr. Hardee, it's

11 my understanding, we're going to do a guilty plea in your

12 case today; is that correct?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  All right.  If you'll raise your

15 right hand, I'll get you sworn in.  I need you under oath

16 to go forward with this guilty plea.

17          THE CLERK:  Do you solemnly swear the statements

18 which you may give in this case now before the Court shall

19 be the truth, the whole truth, and nothing but the truth,

20 so help you God?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Is your true and correct name Jesse

23 Ray Hardee?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Mr. Hardee, you're light-spoken, so

1  make sure that you're speaking up so I can pick up your

2  voice on the recording.  This is being recorded and there

3  will be a record made of this later, and it's for your

4  benefit.  I want there to be no doubt as to what I'm

5  saying and what you're saying on this record later, okay?

6         So if I remind you, I'm just -- it's for your

7  benefit to speak up into that microphone.  All right?

8         THE DEFENDANT:  All right.

9         THE COURT:  Thank you.  Can you hear him okay?

10        THE CLERK:  Yes.

11        THE COURT:  Yeah.  You're going to have to step

12 up there, don't be afraid of the microphone.  Just speak

13 up.  We're going to be talking for a little while, and I

14 don't want to have to keep reminding you.

15        All right.  Mr. Rogers, do you have any doubts as

16 to Mr. Hardee's competence to enter a guilty plea?

17        MR. ROGERS:  No, your Honor.

18        THE COURT:  See, speak like Mr. Rogers.  Like

19 loud and bear.

20        Mr. Chriesman, do you have -- does the government

21 have any doubts as to Mr. Hardee's competence to enter a

22 guilty plea today?

23        MR. CHRIESMAN:  We have no information concerning

24 the defendant's competency.

25        THE COURT:  Thank you.

1          Mr. Hardee, do you suffer from any mental

2   condition?  Do you take any medication that might affect

3   your ability to understand what we're going to do?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  There you go.  Thank you, sir.  Very

6   good.

7          Before I accept your guilty plea today, I'm going

8   to go over a number of things with you.  I'm going to go

9   over the charge that you're pleading guilty to.  We're

10  going to talk about the statutory penalties that go along

11  with that charge.  We're also going to talk about

12  sentencing guidelines, some rights you have, some rights

13  you'll be waiving by pleading guilty, a number of things.

14         Here's what I need you to do.  If you don't

15  understand something I'm telling you, will you please stop

16  me and tell me you don't understand so I can reword or

17  rephrase whatever it is?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Very good.

20         You're under oath this morning.  I need you to be

21  truthful with me.  If you tell me anything that's not

22  true, you can be prosecuted for the crime of perjury.

23         Do you understand?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Your lawyer, Mr. Rogers, is standing

1  right there next to you.  If you need to talk to him about

2  anything, let me know, I'll stop the proceeding and let

3  you talk to Mr. Rogers.  I have no problem with you

4  talking to your lawyer, okay?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  You're pleading guilty to a felony

7  offense this morning.  As a result of that, you have a

8  right to have a United States District Judge take your

9  guilty plea.  I'm a United States Magistrate Judge.  I can

10  take your guilty plea this morning, but I have to have

11  your consent.

12          Do you understand?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  I have a document here in front of

15  me.  It's entitled, Consent to the Administration of a

16  Guilty Plea Before a Magistrate Judge, signed by the

17  lawyers and signed by you; is that right, Mr. Hardee?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you want me to take your guilty

20  plea this morning?

21          THE DEFENDANT:  Yes, sir, I do.

22          Thank you, Mr. Hardee.  The Court will accept the

23  written Consent to the Administration of a Guilty Plea By

24  a Magistrate Judge, and I'll take your plea, Mr. Hardee.

25          Now, let me ask your lawyer a quick question

1  before I get into our other questions.  I don't have a
2  factual basis up here.
3          Is this going to be an oral factual?
4          MR. CHRIESMAN:  Yes, your Honor.
5          THE COURT:  Okay.
6          MR. CHRIESMAN:  It's going to be a very loose
7  factual basis.
8          THE COURT:  Okay.  As long as it has all the
9  elements of the crime in it, it can be as loose as you
10 want it to be.
11         All right.  So we're going to do that when we get
12 to the oral factual.
13         Mr. Hardee, do you believe you've had sufficient
14 time to work with Mr. Rogers, to talk to him about your
15 case, any defenses you might have in that charge that
16 you're facing?  Have you had sufficient time to do that?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  Mr. Rogers, do you believe you and
19 your client have had sufficient time to fully discuss his
20 case, including defenses?
21         MR. ROGERS:  Yes, your Honor.
22         THE COURT:  Any trouble communicating with Mr.
23 Hardee?
24         MR. ROGERS:  None.
25         THE COURT:  Mr. Hardee possess a factual as well

1  as a rational understanding of the proceedings?

2  MR. ROGERS: Yes.

3  THE COURT: Have there been any plea offers that

4  you needed to convey to Mr. Hardee?

5  MR. ROGERS: No.

6  THE COURT: Okay. Mr. Hardee, are you satisfied

7  with Mr. Roger' representation of you in this case?

8  THE DEFENDANT: Yes, sir.

9  THE COURT: Any complaints about his

10 representation?

11 THE DEFENDANT: No.

12 THE COURT: Mr. Hardee, you're charged in this

13 case with an indictment. At some point, have you gone

14 over that indictment -- even if it was briefly, have you

15 gone over that indictment at some point with Mr. Rogers?

16 THE DEFENDANT: Yes.

17 THE COURT: I'm going to go over it with you

18 today on the record so that we're both talking about the

19 same charge, as I go through the rest of my questions with

20 you, what you're pleading guilty to.

21 A federal grand jury, sitting here in the

22 Midland-Odessa Division, returned an indictment against

23 you on December 18th, 2019. In the indictment, grand jury

24 charges in Count 1:

25 That beginning on or about May 1st, 2019, and

1   continuing until on or about November 26, 2019, in the

2   Western District of Texas and elsewhere, the defendants,

3   Jesse Ray Hardee and Heather Dawn Griffith, did combine,

4   conspire, confederate and agree together, with each other,

5   and with others known and unknown to the grand jury, to

6   possess with intent to distribute a controlled substance,

7   which offense involved 50 grams or more of actual

8   methamphetamine, violation of Title 21, United States

9   Code, Sections 841(a)(1) and 841(b)(1)(A), and violation

10   of Title 21, United States Code, Section 846.  A true bill

11   of that indictment was signed by the foreperson of the

12   grand jury.

13         Mr. Hardee, do you understand the charge against

14   you in Count 1?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  The other thing I failed to mention,

17   I want to mention now on the record, is I extended your

18   plea deadline to today.  It was technically yesterday.  I

19   extended it to today, so your plea is timely today.  I'll

20   make a footnote of that in a report I'll write up at the

21   end of this, after we complete.  But it will be timely for

22   purposes of acceptance of responsibility points, okay?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  All right.  So you understand that

25   charge.  Let me go through some rights with you here.

1    Do you understand you have a right to plead not

2 guilty to that charge and demand a trial?  You understand

3 that?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  Knowing you have that right, is it

6 still your desire to plead guilty to the charge that we

7 have discussed this morning?

8    THE DEFENDANT:  Yes.

9    THE COURT:  Are you a United States citizen, Mr.

10 Hardee?

11    THE DEFENDANT:  Yes.

12    THE COURT:  Under the Constitution and laws of

13 the United States, you have a right to a trial by jury and

14 the assistance of an attorney at that trial and every

15 other stage of the proceeding against you.  At that trial,

16 you would have a right to confront and cross-examine the

17 government's witnesses.  You would have a right to put on

18 your own witnesses.  You could compel their attendance to

19 be there and put them on.  You'd have a right to put on

20 your own evidence at that trial.  You're presumed to be

21 innocent, and the government's required to prove your

22 guilt beyond a reasonable doubt before you can be found

23 guilty.

24    At the trial that I'm talking about, you would

25 have a right to testify.  If you wanted to testify, you

1  could testify on your own behalf. You can take the stand

2  and testify. Nobody can make you testify, though, and if

3  you choose not to testify, that fact cannot be used

4  against you.

5      Do you understand these rights, Mr. Hardee?

6      THE DEFENDANT: Yes, sir.

7      THE COURT: If you plead guilty this morning,

8  you're going to give up those rights, except for the right

9  to counsel. You'll continue to be represented by a lawyer

10  throughout the remainder of the proceedings, which is

11  essentially your sentencing is what will be left, but

12  those other rights, you'll be giving up.

13      Do you understand?

14      THE DEFENDANT: Yes.

15      THE COURT: Do you agree to give up those rights

16  and to plead guilty to the charge that we have discussed?

17      THE DEFENDANT: Yes.

18      THE COURT: Are you pleading guilty because you

19  are guilty and for no other reason, Mr. Hardee?

20      THE DEFENDANT: Yes.

21      THE COURT: Mr. Hardee, let me talk to you about

22  the statutory penalty that you face for the charge. This

23  is the statutory penalty that you face for the charge that

24  you're pleading guilty. You face a mandatory minimum term

25  of 10 years in prison, up to life in prison, a mandatory

1  minimum five years of supervised release, up to life of

2  supervised release, a fine not to exceed $10 million, and

3  you would be subject to a $100 mandatory special

4  assessment.

5          Do you understand that range of punishment for

6  the count that you're pleading guilty to?

7          THE DEFENDANT:  Yes.

8          THE COURT:  The district judge, Mr. Hardee, Judge

9  Counts in this case, will impose a sentence after

10  considering guidelines established by the United States

11  Sentencing Commission.  A range of punishment will be

12  determined considering such things as the nature and

13  circumstances of the offense, your conduct in this case,

14  and then, any criminal history you might have.

15          The sentencing guidelines are advisory on the

16  district judge.  Judge Counts is not bound or required to

17  sentence you with any applicable guideline range.  He can

18  sentence you to any reasonable term as long as it falls

19  within that statutory range I just went over with you.

20          Do you understand?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Mr. Rogers and others, but I suspect

23  primarily Mr. Rogers, has talked to you about those

24  things, facts and circumstances, conduct in the case, and

25  your criminal history, and the sentencing guidelines.  And

1  Mr. Rogers, who's a student of the sentencing guidelines,

2  has told you where he thinks you're going to fall in those

3  guidelines; and then, based on where he thinks you're

4  going to fall, he's probably told you the sentence or the

5  sentence range you're looking at in this case, correct?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Okay.  And that's his job to do that.

8  He's your lawyer and he does this for a living, and he's

9  very good at the sentencing guidelines.  But as good as he

10 is, the district judge is not bound by his predictions or

11 estimate.  The district judge will determine your

12 sentence.  It may be the same as what predictions are by

13 Mr. Rogers and it may be different.  It may be more, it

14 may be less.

15          Do you understand?

16          THE DEFENDANT:  Yes.

17          THE COURT:  That -- the point of this is, I want

18 you to understand that what Mr. Rogers is telling you is

19 his best prediction or estimate.  That's it.

20          Okay?  You understand?

21          THE DEFENDANT:  Yes.

22          THE COURT:  There's no parole in federal court,

23 Mr. Hardee.  Any term of imprisonment you receive is the

24 time you will serve less any good-time credit you might

25 get from the Bureau of Prisons.

1      Do you understand?

2      THE DEFENDANT:  Yes.

3      THE COURT:  This offense to which you're pleading

4  guilty today carries with it a term of supervised release.

5  The exact amount of supervised release or the term of

6  supervised release will be assessed by Judge Counts when

7  he sentences you.  You will not start serving that

8  supervised release until after you complete a term of

9  imprisonment.

10      While you're on supervised release, there are

11  conditions you must follow, and if you do not follow those

12  conditions, that supervised release can be revoked.  If

13  it's revoked, then you're looking at going back and

14  serving another term of imprisonment or confinement.

15      Do you understand how that works?

16      THE DEFENDANT:  Yes.

17      THE COURT:  Mr. Hardee, are you pleading guilty

18  freely and voluntarily and with full knowledge of the

19  consequences?

20      THE DEFENDANT:  Yes.

21      THE COURT:  Anyone threatened you, coerced you,

22  or forced you to plead guilty here today?

23      THE DEFENDANT:  No.

24      THE COURT:  Has anybody made any promises -- not

25  predictions or estimates, but has anybody made any

1  promises to you about what sentence you're going to get or

2  what guidelines you'll receive?

3          THE DEFENDANT:  No.

4          THE COURT:  Anybody made any promises to you

5  that's causing you to plead guilty today?

6          THE DEFENDANT:  No.

7          THE COURT:  Okay.  I want you to listen

8  carefully.  Is the government going to provide it?

9          MR. CHRIESMAN:  Yes, your Honor.

10          THE COURT:  Okay.  Listen carefully.  The

11  prosecutor's going to provide a factual basis for this

12  charge that you're pleading guilty to.  Let's listen to

13  him, then I'm going to have some questions for you after

14  he provides that factual basis.

15          Go ahead, Mr. Chriesman.

16          MR. CHRIESMAN:  Thank you, your Honor.

17          If this matter had proceeded to trial, the

18  government would have proven by legal and competent

19  evidence the following facts beyond a reasonable doubt:

20          On Tuesday, November 26, 2019, Midland DEA, the

21  Ector County Sheriff's Office, and the Crane County

22  Sheriff's Office executed a federal search warrant at 115

23  Dorothea in Crane, Texas.  Jesse Hardee and Heather Dawn

24  Griffith resided at the residence.  Hardee had been

25  arrested earlier that day with over $30,000 cash during a

1   traffic stop.  During the search of the resident, almost

2   300 grams of actual methamphetamine and a quantity of

3   heroin were located inside the residence and a shop -- and

4   in a shop located on the same property near the main

5   residence and was seized as evidence.  Officers also

6   located a quantity of cocaine, marihuana, ecstasy pills

7   and mushrooms, and all items were seized as evidence.

8           Agent Johnson and -- Special Agent Johnson and

9   Task Force Officer Ornelas met with Hardee.  Hardee was

10  given his Miranda warnings.  Hardee waived his Miranda

11  rights and agreed to speak with law enforcement.  In the

12  interview, Hardee stated he had been selling both

13  methamphetamine and heroin for almost a year now.  Hardee

14  stated he was getting three to four ounces of

15  methamphetamine and one ounce of heroin weekly.  Hardee

16  stated he would travel to Duncanville, Texas and pick up

17  methamphetamine, heroin and marihuana, and then, travel

18  back to Crane to distribute the narcotics.

19          THE COURT:  All right.  Thank you, Mr. Chriesman.

20          Mr. Hardee, and/or, Mr. Rogers, is there anything

21  about that factual recitation from the government that you

22  disagree with or that you dispute?

23          MR. ROGERS:  Judge, we agree that a search

24  warrant was issued for the residence at 115 Dorothea.  We

25  agree that the report indicates that 300 grams of

1   methamphetamine and a quantity of heroin was located.  The

2   report stated 300 grams of gross methamphetamine.  We'll

3   wait for the lab results, so we agree to that.  As far as

4   the other drugs, he doesn't agree to.  He was Mirandized.

5   He does not agree that he made those statements.  He

6   agrees that he was found with $30,000 in cash.

7          And I've explained to him, Judge, if this case --

8   at sentencing, they'll take that 30,000, divide it by

9   roughly $100, and that's converted to drug weight.  So it

10  would take just $5,000 to get it to the 50.  So it's over

11  50 grams that this conspiracy involved.  We're not

12  disputing that.

13         THE COURT:  Okay.  And is that -- is that your

14  position, as well, the position just outlined by your

15  attorney on your behalf?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Okay, Mr. Hardee.  And those facts as

18  -- as clarified by your attorney, those ones that were

19  read by the prosecutor, clarified by your attorney, those

20  are the facts you're pleading guilty to today?

21         THE DEFENDANT:  The ones made by my attorney?

22         THE COURT:  Yes.

23         THE DEFENDANT:  Yes.

24         THE COURT:  Okay.  Well, the ones clarified by

25  him, yes.

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.

3          MR. ROGERS:  So I can clarify -- I don't want to

4  interrupt.  He doesn't agree to the distributing over

5  three to four ounces for the past year.

6          THE COURT:  I understand.

7          MR. ROGERS:  Okay.

8          THE COURT:  I understand.

9          And so, those are the facts you're pleading

10 guilty to today.  What's been clarified and outlined there

11 by your lawyer, you don't dispute -- you don't dispute, in

12 other words, that you did conspire with Ms. Griffith and

13 others to possess with intent to distribute 50 grams or

14 more of methamphetamine?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  That correct?  And that that -- all

17 of that occurred in the Western District of Texas; is that

18 correct?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  It all happened in and around Crane,

21 Texas?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Okay.  Is there anything from the

24 government?  That satisfies the elements.

25         MR. CHRIESMAN:  Yes, it does.

1          THE COURT:  Okay.  All right.

2          Mr. Hardee, is there -- is there anything that

3   I've said that's confusing to you or that you need some

4   clarification on?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Anything you want to talk to Mr.

7   Rogers about before I continue with your guilty plea?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Okay.  Mr. Hardee, how do you plead

10  to Count 1 of the indictment against you, guilty or not

11  guilty?

12         THE DEFENDANT:  Guilty.

13         THE COURT:  Sir, the Court does find that you're

14  competent to stand trial.  The Court finds you fully

15  understand the nature of the charge and the penalties.

16  The Court finds you understand your constitutional,

17  statutory rights, and you desire to waive them.  The Court

18  does find your plea is freely, knowingly and voluntarily

19  made.  And the Court does find a factual basis.

20  Understanding what was read by the government and then,

21  what was clarified by your lawyer, I do find there's a

22  factual basis to support your plea.

23         Now, some of that information that's being back

24  and forth is going to come up.  It's going to come up

25  again at sentencing.  But for purposes of the plea,

1   there's enough there that you've admitted to for me to

2   find a factual basis.

3          So I'm going to make a recommendation that the

4   district judge accept your guilty plea and enter a

5   judgment of guilt against you.

6          What's going to happen now -- has he signed

7   everything yet?  No.  So probation has some paperwork

8   you're going to go over with the probation officer.

9   You'll sign it, then the probation officer's going to

10  prepare a presentence report.  That report is going to

11  contain a lot of this information, these facts that we

12  just talked about again today, and then, Mr. Rogers is

13  going to make objections on your behalf, he's going to

14  make arguments on your behalf about why things should or

15  shouldn't be considered.  But that's all going to be a

16  sentencing point -- a sentencing issue.

17         Do you understand?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Okay.  Then what's going to happen

20  is, in about 75 to 90 days, you're going to appear

21  upstairs on the third floor for a sentencing.  Judge

22  Counts, the district judge, he's going to sentence you,

23  but before he does, he's going to hear from the lawyers,

24  he's going to hear from you, and then, he'll sentence you

25  in your case.

1       Do you understand how that's going to work?

2       THE DEFENDANT:  Yes, sir.

3       THE COURT:  Any questions?

4       THE DEFENDANT:  No, sir.

5       THE COURT:  Mr. Chriesman, anything else?

6       MR. CHRIESMAN:  Nothing else, Judge.

7       THE COURT:  Mr. Rogers?

8       MR. ROGERS:  No, your Honor.

9       THE COURT:  All right.  Mr. Hardee, I wish you

10  the best.  You're remanded to the custody of the marshals.

11  Probation has that paperwork for you to sign.  You'll sign

12  that before you go upstairs.

13       And, Mr. Rogers, I think you've got some

14  paperwork here.

15       (Proceedings conclude at 10:07 a.m.)

16

17

18

19

20

21

22

23

24

25

                    REPORTER'S CERTIFICATE


    I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING

WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE

TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT

TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE

PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE

TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY

THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES.


*/s/Lily I. Reznik*                    August 3, 2020

LILY I. REZNIK, CRR, RMR               DATE
Official Court Reporter
United States District Court
Austin Division
501 W. 5th Street, Suite 4153
Austin, Texas 78701
(512)391-8792
SOT Certification No. 4481
Expires:  1-31-21