# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 7:19-CR-00265(1) DC** |
| | § | |
| **JESSE RAY HARDEE** | § | |
| **Defendant** | § | |

## AFFIDAVIT OF DAVID G. ROGERS

Jesse Ray Hardee (Hardee) has filed a 2255 Writ, making four broad allegations.

It is difficult to ascertain Hardee's exact complaints, therefore I will provide an overview of my representation. I believe this will answer the allegations contained in the Writ. Further, this case was concluded over 2 years ago and was conducted during the Covid-19 pandemic. I have included a copy of my billing records (Ex. 1), guidelines calculations (Ex. 2), the Crane County Sheriff's Office Permission to Search (Ex. 3), and the Crane County Judgments (Ex. 4, 5, & 6). The exhibits are fully incorporated in this response.

Hardee was charged with conspiracy to possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine. He has a prior drug felony from Ector County, Texas.

I was appointed to represent Hardee on or about December 11, 2019. I sent introductory correspondence to Hardee. It appears that I received the discovery sometime in January of 2020. My billing indicates that on January 20, 2020, I reviewed the discovery and calculated an estimated guideline range.

The evidence against Hardee was overwhelming and included an admission, Co-Defendant statement, seized monies, and seized methamphetamine among other illegal narcotics.

My initial calculations were a guideline level 36 and a criminal history of VI. It appears from my notes that I used a historical calculation based on Hardee's statements to law enforcement. Based on my calculations, I am confident that I did not advise that he was looking at a guideline range of 151-188. (*See* Ex. 2)

A status conference was conducted on January 21, 2020. I would have met with Hardee on that occasion, but I have no notes nor recollection of any discussions. I did have a discussion with the AUSA regarding the potential for a debrief.

My practice at the time was to set up a phone conference with the Haskell Facility and discuss the case with the client. Certainly, my habit was to ask whether we could do this on the phone or if the Defendant wanted an in-person conference. I assume Hardee said a phone conference was acceptable since I had an hour-long phone conference and did not travel to Haskell.

My billing reflects a phone conference on January 22, 2020. At that time, we discussed the discovery, conspiracy elements, the sentencing guidelines including drug weight and relevant conduct. We also discussed a guilty plea by agreement and debrief requirements. At that time I would have obtained Hardee's version of events. He agreed he was guilty but disputed the drug weights. I went through my preliminary calculations with him. I do not recall being informed that Hardee disputed the residential Search Warrant. In fact it appears that Hardee consented in writing to the search. (*See* Exhibit 3). Further, I do not believe any of the seized items were items used in calculating the guidelines by the U.S. Probation Office.

On January 24, 2020, I had an in-person conference with Hardee in Midland to discuss the plea. I do not recall the reason but he did not sign a plea agreement and debrief. We discussed the benefits of an oral plea and that he could appeal the guideline range based on drug weight.

Hardee entered a guilty plea on this date. The transcript reflects he was disputing the amounts but not his guilt.

After the plea, Hardee became dissatisfied with my representation and requested that I withdraw. After a hearing, the request was denied.

Hardee complains that I did not participate in the telephone conference with probation. I almost never participated in the interview. The interview was mainly to provide background information and to make sure the Defendant was not denying guilt. I did not find it helpful to listen in on these phone conferences. At the time I do not believe these conferences were in person and this was due to the distance from Midland, Texas to the Haskell Facility and Covid-19 was raging at the time. Further, nothing Hardee disclosed was disputed or led to an increased or decreased sentence.

In March of 2020, I received a copy of the P.S.R. The report initially denied acceptance points based on a claim Hardee obstructed justice. I filed objections and this point was resolved in Hardee's favor and he received a reduction. I filed additional objections to the weight of Methamphetamine and requested a downward departure. It should be noted that the U.S. Probation Officer did not use the historical method for calculating the guidelines. Nor did she use any of the

seized drug amounts. Instead, she utilized the $77,671.62 that had been seized to calculate the guideline range. Hardee also complains that I did not request a concurrent sentence. According to the P.S.R., the only pending charge was for Possession of Marijuana Under Four Ounces and Over Two Ounces. This is a Class A Misdemeanor in Texas. *See Texas Health and Safety Code §481.121.*

On May 18, 2020, I had a phone conference with Hardee and read the P.S.R. to him. We discussed the P.S.R., the objections, the addendum, downward departure and the defense of the drug weight calculation. I had these same discussions with Hardee in person on the date of the sentencing. We also discussed whether or not he would testify. Hardee did not mention a concurrent sentence.

On June 10, 2020, the Court conducted a contested sentencing that included testimony from Hardee's mother. She claimed a portion of the money seized was not drug related. The Court overruled my objections and sentenced Hardee to 365 months in the B.O.P. and I filed a Notice of Appeal and then withdrew.

I did not request a concurrent sentence with any state charges. Hardee certainly did not remind me at sentencing to request a concurrent sentence. In candor, in February of 2020, I received a letter from Hardee that he was unofficially informed that he was charged in Crane for Tampering and Money Laundering. I did not have any other information on these cases and certainly this information did not appear in the official presentence report.

My billing reflects a phone conference with Hardee's State Attorney but the only notes reflect a discussion about the seized money and defending the amount of drugs. I can only speculate I believed the state charges would be dismissed. I was focused at the hearing on disputing the relevant conduct. Further, in my experience, this Court rarely grants a concurrent sentence and the facts in this case did not provide an exception.

Regardless, when drafting this response, I contacted the Crane District Clerk's Office. Hardee was charged with Tampering with Physical Evidence (Cause No. 1908), Money Laundering (Cause No. 1907) and Possession of a Controlled Substance in a Correctional Facility. (Cause No. 1953). I did not have any information or knowledge of the Possession of a Controlled Substance in a Correctional Facility. Further, Hardee never informed me that he was bringing narcotics into the Correctional Facility.

The Tampering and Money Laundering charges were dismissed and he plead guilty to Prohibited Substances in a Correctional Facility on December 9, 2021 and received 5 years in the Institutional Division of the Texas Department of Criminal Justice. I do not believe Possession of a Controlled Substance in a Correctional Facility would be relevant conduct in this case, and would not justify a concurrent sentence. *USSG §5G1.3.*

_____

David G. Rogers

State of Texas           §

County of Midland        §

SIGNED under oath before me on _____August 25, 2022_____.

ELOIS K. STRONG
Notary Public, State of Texas
Comm. Expires 12-16-2022
Notary ID 128473481

_____
Notary Public, State of Texas



## Law Office of David G. Rogers, PC
**214 W. Texas Ave., Ste. 811**
**Midland, TX 79701**
**Phone: 432-620-8774, Fax: 432-620-9945**
**Email: clerk@fivecoatlaw.com**

Invoice submitted to:
**Jesse Hardee-FED**

**Invoice # 28541**

Invoice Date: 06/19/20
Services Through: 06/19/20

| Date | Type | Service Summary | Hours/Qty | Amount |
|------|------|-----------------|-----------|--------|
| In Reference To: | **Possession (Professional Services)** | | | |
| 12/11/19 | Document Review | Order Appointing Counsel | 0.10 | $0.00 |
| 12/13/19 | Letter | Letters to Client re Appointed Counsel, Advice, Upcoming dates and case info. | 0.20 | $0.00 |
| 12/19/19 | Letter | Letter to Client re Indictment | 0.20 | $0.00 |
| 12/23/19 | Exchange of Emails/Texts | Email to AUSA re Discovery | 0.20 | $0.00 |
| 01/17/20 | Letter | Ltr to Clt re Order Setting Status Conf | 0.30 | $0.00 |
| 01/20/20 | Document Review | Discovery, police reports, lab reports, police video, recorded interviews | 2.00 | $0.00 |
| 01/20/20 | Other | Calculate Guidelines, Criminal History, Drug Weight and relevant conduct information | 0.60 | $0.00 |
| 01/21/20 | Court Time | Status Conference | 0.60 | $0.00 |
| 01/22/20 | Telephone Call | Glenn Harwood-potential for client to debrief | 0.20 | $0.00 |
| 01/22/20 | Telephone Call | Jail call with client-discussed discovery, conspiracy elements, guidelines, Drug weight relevant conduct, plea agreement, debrief requirements. | 1.00 | $0.00 |
| 01/24/20 | Conference | Conference with client-re: Plea Procedure, benefits of Oral Plea, Guidelines | 0.40 | $0.00 |
| 01/24/20 | Court Time | Plea Hearing in Magistrate Court | 0.70 | $0.00 |
| 02/03/20 | Letter | Letter to Clt re Sentencing | 0.10 | $0.00 |
| 03/06/20 | Draft | Motion to Withdraw as Counsel | 0.40 | $0.00 |
| 03/06/20 | Letter | Ltr to Clt re Motion to Withdraw as Counsel | 0.20 | $0.00 |
| 03/11/20 | Letter | Letter to Clt re OSH on Motion to Withdraw | 0.20 | $0.00 |
| 03/18/20 | Court Time | Hearing on Motion to Withdraw | 0.60 | $0.00 |
| 03/20/20 | Recieve & Review | Review PSR | 0.50 | $0.00 |
| 03/31/20 | Document Review | Presentence Report | 0.50 | $0.00 |
| 04/01/20 | Telephone Call | Case Agent -cost of ounce of methamphetamine and heroin | 0.20 | $0.00 |
| 04/01/20 | Exchange of Emails/Texts | US Probation officer re: obstruction and acceptance | 0.10 | $0.00 |

Page: 1 of 2

Exhibit A

| Date | Type | Service Summary | Hours/Qty | Amount |
|------|------|-----------------|-----------|--------|
| 04/03/20 | Draft | Objections to PSR | 0.60 | $0.00 |
| 04/08/20 | Telephone Call | Dan Smith-attorney hired to represent Hardee on State charges, discussed both cases | 0.30 | $0.00 |
| 04/16/20 | Document Review | Addendum to PSR | 0.30 | $0.00 |
| 04/22/20 | Draft | Motion for Downward Departure. | 0.30 | $0.00 |
| 04/27/20 | Letter | Letter to Clt re Order Resetting Sentencing | 0.10 | $0.00 |
| 04/27/20 | Exchange of Emails/Texts | Clients mother re: continuing sentencing | 0.10 | $0.00 |
| 04/29/20 | Exchange of Emails/Texts | Court Administrator | 0.10 | $0.00 |
| 04/29/20 | Telephone Call | AUSA Harwood-sentencing status and moving date | 0.20 | $0.00 |
| 05/06/20 | Letter | Letter to Client re Resetting Sentencing | 0.10 | $0.00 |
| 05/18/20 | Telephone Call | Client- Reviewed PSR, Objections to PSR, Addendum, Downward Departure and defense to drug weight calculation | 0.60 | $0.00 |
| 05/18/20 | Telephone Call | Clients Mother- re Money that was seized from her was used to calculate drug weight - does she have receipts or any proof not drug money. | 0.30 | $0.00 |
| 05/19/20 | Telephone Call | Danny Smith-attorney represents Hardee in state case discussed defenses to money seized from clients mother being used to calculate drug weight | 0.40 | $0.00 |
| 06/09/20 | Hearing Preparation | Sentencing Hearing-review PSR, Objections, Downward Departure, Exhibits, Phone Conference with clients mother, research conversion of money to drug weight | 0.50 | $0.00 |
| 06/10/20 | Conference | Client-re Sentencing hearing, PSR issues, whether or not to testify, strategy | 0.40 | $0.00 |
| 06/10/20 | Conference | Clients mother-her sentencing testimony | 0.30 | $0.00 |
| 06/10/20 | Court Time | Contested Sentencing hearing | 1.00 | $0.00 |

|  | Total Hours: | 14.90 |
|--|--------------|-------|
|  | **Total Invoice Amount:** | **$0.00** |
|  | **Total Amount Due:** | **$0.00** |

Exhibit A

- Jesse Hardee -
- Brandon Torres -
- 841 - 10-Lite
  20-Lite = Prio-
Cash = 41,098 -
- 30 ounces - week = (1-2 months)
  30 once = 1-3 Months
Brandon Torres: ( 1 year old - 6 month ass.) =
  ( 2-30 once most )
  2x - 30 once

1 once week:
3-4 once week → 1K week
1-2 once intervals

3 997.00 (g)   8.4 K

Jan 1, 2019 — Nov. 2019 = 47 weeks = 141 grass once my
  Nov 26, 2019 = 30 weeks = (90 grass) once 2551.00  2.5
mar 1 —

( .25 pound = 113 grams )

60,000 ÷ 100

Bran. Quad pound :
  ( 500 grams )
  ( 3005 / 400 g-- )

H  1 pound = 47 once = 1342 = (9) = 1.3K  > 28
   30 once = 850 = (9) =

36 = U7
34 = UI

  36
  - 3
  ——
  33  → UI     235-293     19.58 -

EXHIBIT "2"

Dog Weight                    Cont

1 g H     =           1 kg

15                    20 K6


2551 g - mex
51,020.00                 } 36
   850.00
_____
52,000 Ahra



# CRANE COUNTY SHERIFF'S OFFICE
### PERMISSION TO SEARCH

I, _Jesse Hardey_ , HAVE BEEN INFORMED BY
~~DEPUTY~~ _DEA S/A J. Johnson_ WHO HAS MADE PROPER
IDENTIFICATION AS AN AUTHORIZED LAW ENFORCEMENT OFFICER OF THE
**CRANE COUNTY SHERIFF'S OFFICE** OF MY **CONSTITUTIONAL RIGHT** NOT TO
HAVE A SEARCH MADE OF THE VEHICLE / RESIDENCE OWNED BY ME AND/ OR _Black Cell_
UNDER MY CARE, CUSTODY AND CONTROL, WITHOUT A SEARCH WARRANT. _Phone LG # 432-803-6602_

KNOWING OF MY LAWFUL RIGHT TO REFUSE TO CONSENT TO SUCH A SEARCH,
I WILLINGLY GIVE MY PERMISSION TO THE ABOVE NAMED OFFICER TO
CONDUCT A COMPLETE SEARCH OF THE VEHICLE / RESIDENCE.

THE ABOVE SAID OFFICER FURTHER HAS MY PERMISSION TO TAKE FROM MY
PREMISES AND PROPERTY, ANY LETTERS, PAPERS, MATERIALS, OR ANY OTHER
PROPERTY OR THINGS WHICH HE / SHE DESIRES AS EVIDENCE FOR CRIMINAL
PROSECUTION IN THE CASE OR CASES UNDER INVESTIGATION.

I GIVE THIS WRITTEN PERMISSION TO SEARCH WITHOUT A SEARCH WARRANT
TO THE ABOVE OFFICER VOLUNTARILY AND WITHOUT ANY THREATS OR
PROMISES OF ANY KIND.

X _Jesse Hardey_
**SIGNATURE**

_11-26-19_  _8:41_
**DATE**      **TIME**

_115 Dorothea St._
**ADDRESS**

_6-10-82_
**D.O.B. / DL. # / S.S. #**

_432-803-6602_
**PHONE #**

_Crane County SO_
**LOCATION**

_DEA SA_
**OFFICER**

X
**OFFICER**

**REMARKS:**

11/3

FILED
A 1.22 O'Clock A M.

DEC - 9 2021

*Janie Macias* (signature)

JANIE MACIAS
County/District Clerk, Crane Co. Texas

Cause No. 1908

| | | |
|---|---|---|
| THE STATE OF TEXAS | ( | IN THE DISTRICT COURT OF |
| VS. | ( | CRANE COUNTY, TEXAS |
| Hardee, Jesse Ray | ( | 109TH JUDICIAL DISTRICT |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action in which the defendant is charged with the offense of <u>TAMPER/FABRICATE PHYS. EVID. W/INTENT TO IMPAIR (F3)</u> for the reason:

[ ]  The evidence is insufficient;
[ ]  The defendant was convicted in another case;
[ ]  The complaining witness has requested dismissal
[ ]  The case has been refiled;
[ ]  The defendant is unapprehended;
[ ]  The defendant is deceased;
[ ]  The defendant has been granted immunity in light of his testimony;
[ X ]  Other;

and for cause would show the Court the following:

**DEFENDANT PLED TO FIVE YEARS TDCJ IN CAUSE NO 1953.**

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed, without prejudice.

Respectfully submitted,

*Amanda Navarette* (signature)

AMANDA NAVARETTE
109th Judicial District Attorney
**ATTORNEY FOR THE STATE**

### ORDER

The foregoing Motion To Dismiss having been presented to me on this the _9th_ day of _December_, 2021, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that the above entitled and numbered cause be and the same is hereby dismissed.

JOHN L. POOL, JUDGE PRESIDING

CERTIFIED COPY

True and correct copy of original
instrument as filed in Crane
County and District Clerk Office
1 of 1

DO NOT COPY OR ALTER • This document contains security features.

EXHIBIT " "

**STATE OF TEXAS**
**COUNTY OF CRANE**

I, JANIE MACIAS, County & District Clerk in and for said County and State, do hereby certify that the above and foregoing is a true and correct copy of the instrument filed for record, as shown and duly scanned in Vol_____, Pg. _____, of the _____ Records # 908 _____ as said County. Witness my hand and seal of office on August 10th, 2022

**JANIE MACIAS, COUNTY & DISTRICT CLERK**
**CRANE COUNTY, TEXAS**

By_____ Deputy



FILED
At **9:22** O'Clock **A.** M.

DEC – 9 2021

*(signature)*
JAMIE MACIAS
County/District Clerk, Crane Co. Texas

Cause No. **1907**

| | | |
|---|---|---|
| THE STATE OF TEXAS | ( | IN THE DISTRICT COURT OF |
| VS. | ( | CRANE COUNTY, TEXAS |
| Hardee, Jesse Ray | ( | 109TH JUDICIAL DISTRICT |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action in which the defendant is charged with the offense of <u>TAMPER/FABRICATE PHYS. EVID. W/INTENT TO IMPAIR (F3)</u> for the reason:

[ ] The evidence is insufficient;
[ ] The defendant was convicted in another case;
[ ] The complaining witness has requested dismissal
[ ] The case has been refiled;
[ ] The defendant is unapprehended;
[ ] The defendant is deceased;
[ ] The defendant has been granted immunity in light of his testimony;
[ X ] Other;

and for cause would show the Court the following:

**DEFENDANT PLED TO FIVE YEARS TDCJ IN CAUSE NO 1953.**

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed, without prejudice.

Respectfully submitted,

*(signature)*

AMANDA NAVARETTE
109th Judicial District Attorney
**ATTORNEY FOR THE STATE**

ORDER

The foregoing Motion To Dismiss having been presented to me on this the **9th** day of **December**, 2021, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that the above entitled and numbered cause be and the same is hereby dismissed.

*(signature)*

JOHN L. POOL, JUDGE PRESIDING

CERTIFIED COPY

DO NOT COPY OR ALTER • This document contains security features.

True and correct copy of original instrument as filed in Crane County and District Clerk Office
_____ of _____

Exhibit A



**STATE OF TEXAS**
**COUNTY OF CRANE**

I, JANIE MACIAS, County & District Clerk in and for said County and State, do hereby certify that the above and foregoing is a true and correct copy of the instrument filed for record as shown and duly scanned in Vol. 190 Pg _____ , of the District Clmin Records # 1907 _____ as said County.
Witness my hand and seal of office on August 10th, 2022

JANIE MACIAS, COUNTY & DISTRICT CLERK
CRANE COUNTY, TEXAS

By _____ Deputy





FILED
A 9:32 O'Clock A .M.

DEC - 9 2021
[signature]
STEPHANIE MACIAS
County/District Clerk, Crane Co. Texas

CAUSE NO. 1953    COUNT NO.

INCIDENT NO. /TRN: 913 057 0395

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 109TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| HARDEE, JESSE RAY | § | CRANE COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX50547897 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | JOHN L. POOL | Date Sentence Imposed: | |
|---|---|---|---|
| Attorney for State: | AMANDA NAVARETTE | Attorney for Defendant: | DANIEL B. SMITH |

Offense for which Defendant Convicted:

**PROHIBITED SUBSTANCE/ITEM IN A CORRECTIONAL FACILITY**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **38.11 Penal Code** |

| Date of Offense: | Plea to Offense: |
|---|---|
| **6/19/2021** | **GUILTY** |

| Degree of Offense: | Findings on Deadly Weapon: |
|---|---|
| **3RD DEGREE FELONY** | **N/A** |

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.
FIVE YEARS CONFINEMENT IN THE TEXAS DEPT. OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION AND COURT COSTS.

| 1st Enhancement Paragraph: | N/A | Finding on 1st Enhancement Paragraph: | N/A |
|---|---|---|---|
| 2nd Enhancement Paragraph: | N/A | Finding on 2nd Enhancement Paragraph: | N/A |

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Punishment and Place of Confinement: | **FIVE YEARS TDCJ, CORRECTIONAL INSTITUTIONS DIVISION** |
|---|---|

| DATE SENTENCE COMMENCES: (Date does not apply to confinement served as a condition of community supervision.) | THIS SENTENCE SHALL RUN: | CAUSE NO. 1907 AND CAUSE NO. 1908 IN THE 109TH DISTRICT OF CRANE COUNTY, TEXAS |
|---|---|---|

| Fines: | Restitution: | Restitution Payable to: |
|---|---|---|
| $ | $ | (See special finding or order of restitution which is incorporated herein by this reference.) |

| Court Costs: | Reimbursement Fees: |
|---|---|
| $ 290.00 | $ 10.00 |

☐ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.

(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A .

| Total Jail Time Credit: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | |
|---|---|---|
| 704 days | N/A DAYS | NOTES: N/A |

Was the victim impact statement returned to the attorney representing the State? N/A

(FOR STATE JAIL FELONY OFFENSES ONLY) Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? N/A

This cause was called and the parties appeared. The State appeared by her District Attorney as
OCA Standard Judgment Form (Effective 01/01/2020)
**DO NOT COPY OR ALTER •This document contains security features.**

True and correct copy of original
Instrument as filed in Crane
County and District Clerk Office
_____ of _____

<u>Counsel / Waiver of Counsel</u> (select one)
☒ Defendant appeared with counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
☐ Defendant was tried in absentia.

      Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

      Having been convicted of the offense designated above, the Court ORDERS Defendant punished in accordance with the Court's findings as to the proper punishment as indicated above, and after having conducted an inquiry into Defendant's ability to pay, as directed by Article 42.15, Code Crim. Proc., the Court ORDERS Defendant to pay the fine, court costs, reimbursement fees, and restitution as indicated above and further detailed below.

      <u>Punishment Options</u> (select one)
☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.
☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.
☐ **County Jail—State Jail Felony Conviction.** Pursuant to §12.44(a), Tex. Penal Code, the Court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.
☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.
☐ **Confinement as a Condition of Community Supervision.** The Court ORDERS Defendant confined     days in    as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

      <u>Fines Imposed Include</u> (check each fine and enter each amount as pronounced by the court):
☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $     (not to exceed $10,000)
☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $     ($5.00/per month of community supervision)
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $     ($100)
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $     ($100)
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) $     ($100)
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $     ($50)
☐ State Traffic Fine (§ 542.4031, Transp. Code) $     ($50)
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $     (not to exceed $50)
☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $     (To Be Determined by the Court)
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $     (not to exceed $50)
☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $     (not to exceed $6,000)

      <u>Execution of Sentence</u>
☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

**Furthermore, the following special findings or orders apply:**

OCA Standard Judgment Form (Effective 01/01/2020)

DO NOT COPY OR ALTER • This document contains security features.

Page 2 of 3

True and correct copy of original instrument as filed in Crane County and District Clerk Office

2 of 3

Date Judgment Entered: _____

X _____
JOHN L. POOL JUDGE PRESIDING

Thumbprint

THE STATE OF TEXAS
CRANE COUNTY

CERTIFIED COPY
OCA Standard Judgment Form (Effective 01/01/2020)
DO NOT COPY OR ALTER • This document contains security features.

True and correct copy of original
instrument as filed in Crane
County and District Clerk Office
3 of 3

**STATE OF TEXAS**
**COUNTY OF CRANE**

I, JANIE MACIAS, County & District Clerk in and for said County and State, do hereby certify that the above and foregoing is a true and correct copy of the instrument filed for record as shown and duly scanned in Vol. _____ Pg _____, of the _____ Records # _____ as said County.
Witness my hand and seal of office on _____

**JANIE MACIAS, COUNTY & DISTRICT CLERK**
**CRANE COUNTY, TEXAS**

By _____ Deputy

Exhibit A



CAUSE NO. 1953     COUNT NO.

INCIDENT NO. /TRN: 913 057 0395

FILED
At 2:00 O'Clock P.M.

DEC 20 2021

_(signature)_ County/District Clerk, Crane Co. Texas
JANE MACIAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 109TH DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| HARDEE, JESSE RAY | § | CRANE COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50547897 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | JOHN L. POOL | Date Sentence Imposed: | 12/9/2021 |
|---|---|---|---|
| Attorney for State: | AMANDA NAVARETTE | Attorney for Defendant: | DANIEL B. SMITH |

Offense for which Defendant Convicted:

PROHIBITED SUBSTANCE/ITEM IN A CORRECTIONAL FACILITY

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 38.11 Penal Code |

| Date of Offense: | Plea to Offense: |
|---|---|
| 6/19/2021 | GUILTY |

| Degree of Offense: | Findings on Deadly Weapon: |
|---|---|
| 3RD DEGREE FELONY | N/A |

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.
FIVE YEARS CONFINEMENT IN THE TEXAS DEPT. OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION AND COURT COSTS.

| 1st Enhancement Paragraph: | N/A | Finding on 1st Enhancement Paragraph: | N/A |
|---|---|---|---|
| 2nd Enhancement Paragraph: | N/A | Finding on 2nd Enhancement Paragraph: | N/A |

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Punishment and Place of Confinement: | FIVE YEARS TDCJ, CORRECTIONAL INSTITUTIONS DIVISION |
|---|---|

| DATE SENTENCE COMMENCES: (Date does not apply to confinement served as a condition of community supervision.) | 12/9/2021 | THIS SENTENCE SHALL RUN: | |
|---|---|---|---|

| Fines: | Restitution: | Restitution Payable to: (See special finding or order of restitution which is incorporated herein by this reference.) |
|---|---|---|
| $ | $ | |

| Court Costs: | Reimbursement Fees: | |
|---|---|---|
| $ 290 | $ 10.00 | |

☐ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.

(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A .

| Total Jail Time Credit: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
|---|---|
| 704 DAYS | N/A DAYS         NOTES: N/A |

Was the victim impact statement returned to the attorney representing the State? N/A

(FOR STATE JAIL FELONY OFFENSES ONLY) Is Defendant presumptively entitled to diligent participation credit in accordance with Article
42A.559, Tex. Code Crim. Proc.? N/A

This cause was called and the parties appeared. The State appeared by her District Attorney as named above and District Clerk Office

True and correct copy of original instrument as filed in Crane County and District Clerk Office

OCA Standard Judgment Form (Effective 01/01/2020) DO NOT COPY OR ALTER • This document contains security features.
1 of 3

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared with counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
☐ Defendant was tried in absentia.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

Having been convicted of the offense designated above, the Court ORDERS Defendant punished in accordance with the Court's findings as to the proper punishment as indicated above, and after having conducted an inquiry into Defendant's ability to pay, as directed by Article 42.15, Code Crim. Proc., the Court ORDERS Defendant to pay the fine, court costs, reimbursement fees, and restitution as indicated above and further detailed below.

**Punishment Options (select one)**
☒ Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.
☐ County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.
☐ County Jail—State Jail Felony Conviction. Pursuant to §12.44(a), Tex. Penal Code, the Court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.
☐ Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.
☐ Confinement as a Condition of Community Supervision. The Court ORDERS Defendant confined ___ days in ___ as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

**Fines Imposed Include (check each fine and enter each amount as pronounced by the court):**
☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $ ___ (not to exceed $10,000)
☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $ ___ ($5.00/per month of community supervision)
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $ ___ ($100)
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $ ___ ($100)
☐ Family Violence Fine (Art. 42A.504(b), Code Crim. Proc.) $ ___ ($100)
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $ ___ ($50)
☐ State Traffic Fine (§ 542.4031, Transp. Code) $ ___ ($50)
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $ ___ (not to exceed $50)
☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $ ___ (To Be Determined by the Court)
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $ ___ (not to exceed $50)
☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $ ___ (not to exceed $6,000)

**Execution of Sentence**
☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

**Furthermore, the following special findings or orders apply:**

DO NOT COPY OR ALTER • This document contains security features.

OCA Standard Judgment Form (Effective 01/01/2020)

2 of 3

True and correct copy of original instrument as filed in Crane County and District Clerk Office

Date Judgment Entered: December 9, 2021

X _____
JOHN L. POOL, JUDGE PRESIDING

Thumbprint

True and correct copy of original
instrument as filed in Crane
County and District Clerk Office
___ of ___ Page

OCA Standard Judgment Form (Effective 01/01/2020) **DO NOT COPY OR ALTER • This document contains security features.**
3 of 3

**STATE OF TEXAS**
**COUNTY OF CRANE**

I, JANIE MACIAS, County & District Clerk in and for said County and State, do hereby certify that the above and foregoing is a true and correct copy of the instrument filed for record as shown and duly scanned in Vol. _____ Pg. _____ of the _____ records # _953_ as said County.

Witness my hand and seal of office on _August 10 2022_

**JANIE MACIAS, COUNTY & DISTRICT CLERK**
**CRANE COUNTY, TEXAS**

By_____ Deputy

Exhibit A